■ Janice McCullough, Individually and as Parent and Natural Guardian of Nataya McCullough, an Infant, Appellant, v University of Rochester Strong Memorial Hospital et al., Respondents. [794 NYS2d 236]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered April 2, 2004 in a medical malpractice action. The order denied plaintiff's motion to compel defendants to amend their answers and defendant University of Rochester Strong Memorial Hospital to produce certain documents.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: As limited by her brief, plaintiff in this medical malpractice action appeals from that part of an order that denied that part of her motion to compel defendant University of Rochester Strong Memorial Hospital (Strong) to produce "[l]egible copies of all advertising[,] whether print, televised or broadcasted on radio, advertising Strong and/or the services it provides that were run at any time between January 1, 1999 and March 17, 2003." Plaintiff contends that Strong's advertising is relevant and necessary because it pertains to the standard of care to which Strong would be held at trial.

A medical provider is charged with a duty to exercise due care, "as measured against the conduct of his or her own peers— the reasonably prudent doctor standard" (*Nestorowich v Ricotta*, 97 NY2d 393, 398 [2002]). Thus, courts generally apply a "locality" rule as the minimum standard in medical malpractice actions, measuring the provider's conduct against the reasonable degree of learning and skill that is ordinarily possessed by providers in the same locality, although providers must also use their best judgment and whatever superior knowledge and skill they possess, even if it exceeds that of the average provider in the locality (*id.*). A court may deviate from applying the locality rule and instead apply a minimum statewide standard of care (*see Hoagland v Kamp*, 155 AD2d 148, 150 [1990]) or even a nationwide standard of care (*see Payant v Imobersteg*, 256 AD2d 702, 705 [1998]). In any event, the standard of care in a medical malpractice action is measured against local, statewide, or nationwide standards and the "superior knowledge and skill" that a provider actually possesses (*Nestorowich*, 97 NY2d at 398), not against the knowledge and skill that the provider claims to possess in its advertising. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.